IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LEE HUNT, Personal Representative of the
Wrongful Death Estate of JESUS
ROGELIO MORALES BRAVO; and
MARIA VARGAS, Individually and as
Guardian and Next Friend of V.M.,

                Plaintiffs,

v.                                                                                       No. CIV 17-320 JAP/KK

TULS CATTLE COMPANY III, LLC.,
A New Mexico Limited Liability Company,

                Defendant.

## MEMORANDUM OPINION AND
## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiffs Lee Hunt and Maria Vargas (Plaintiffs) state that they will seek to amend the Complaint in this federal proceeding by adding two individual defendants who will destroy this Court's diversity jurisdiction. PLAINTIFFS' RULE 41 MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE at 3 (Doc. No. 13) (Motion to Dismiss). Thus, Plaintiffs seek permission under Rule 41(a)(2) to voluntarily dismiss this case without prejudice so that they can proceed in State Court against the proper Defendants. *Id.* Defendant Tuls Cattle Company III, LLC (Defendant or Defendant Tuls III) opposes voluntary dismissal arguing that Plaintiffs are impermissibly engaging in forum shopping and that Plaintiffs' "improper stratagem should not be rewarded." DEFENDANT'S RESPONSE TO PLAINTIFFS' RULE 41 MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 16) (Response). In PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' RULE 41 MOTION FOR

1

VOLUNTARY DISMISSAL WITHOUT PREJUDICE (Doc. No. 17) (Reply), Plaintiffs assert that they have met the Rule 41 requirements for voluntary dismissal of their Complaint.

**Background**

Plaintiffs bring state-law negligence claims against Defendant for wrongful death and loss of consortium relating to the death of Jesus Rogelio Morales Bravo, who allegedly was shot and killed by a co-worker, Francisco Gutierrez. COMPLAINT FOR WRONGFUL DEATH, NEGLIGENCE, NEGLIGENT SUPERVISION, AND NEGLIGENT RETENTION (Doc. No. 1 at 6–13) (Complaint). At the time of the shooting, Mr. Morales Bravo and Mr. Gutierrez were working on a ranch in Texas that Defendant Tuls III allegedly owned and operated. According to Defendant, however, Plaintiffs have identified the wrong party based on Defendant's representation that, at all pertinent times, Tuls Cattle Company IV, LLC (Tuls IV), rather than Tuls III, employed the two men. Response at 1.

On January 16, 2017, Plaintiffs filed their Complaint in the First Judicial District Court of the State of New Mexico (No. Civ D-101-CV-2017-00118). Plaintiffs claimed, in part, that Defendant Tuls III's supervisors and other employees were aware of Mr. Gutierrez's violent temper and knew that Mr. Gutierrez carried a firearm while at work, often discharged the firearm at work when shooting at small animals and other objects, and was not disciplined for this conduct. Complaint ¶¶ 10–14.

On March 8, 2017, Defendant Tuls III removed the state law proceeding to federal court based on diversity jurisdiction. Notice of Removal (Doc. No. 1). Plaintiffs are citizens of New Mexico. Defendant states that both Tuls III and Tuls IV are limited liability companies that have the same sole proprietor, Jason Tuls. According to Defendant, Mr. Tuls is a citizen and resident of Texas. Response at 5; Jason Tuls Declaration (Notice of Removal at 23).

In its Answer, filed March 22, 2017, Defendant Tuls III denied that it employed Messrs. Morales Bravo and Gutierrez and alleged that Plaintiffs' claims were due to the acts or negligence of a third party over whom Tuls III did not exercise control. Answer ¶¶ 1, 2, 24 (Doc. No. 7). Defendant Tuls III also asserted that Plaintiffs' claims were barred to the extent that Plaintiffs had identified the wrong party as a Defendant. *Id.* Answer, Defense ¶ 4.

In its Response to the Motion to Dismiss, Defendant Tuls III offers to provide written consent allowing Plaintiffs to amend their Complaint to name Tuls IV instead of Tuls III, an amendment that Defendant contends will not affect this Court's diversity jurisdiction. Response at 5. However, Plaintiffs state that if their Rule 41 Motion to Dismiss is denied, they anticipate filing a motion for leave to amend the Complaint to add two supervisory Defendants, Mssrs. Jerry Braun and Eduardo Contreras, Jr., who are residents and citizens of New Mexico. Motion to Dismiss at 3. If the amendment is allowed, remand would be required since there would no longer be complete diversity of citizenship. Plaintiffs also represent that if their motion for leave to amend the Complaint is denied, they would be forced to file a separate state court action against the supervisors. *Id.* at 3 n.1. Thus, Plaintiffs contend that the Rule 41 Motion to Dismiss will ultimately ensure that all parties are consolidated in the same action. *Id.* at 3.

## Analysis

### A. LEGAL STANDARD

Once a defendant has filed an answer, a plaintiff may voluntarily dismiss a claim only upon an order of the Court. Fed. R. Civ. P. 41(a)(2). Rule 41 also states that a dismissal under paragraph 2 is without prejudice. *Id. See Rippetoe v. Taos Living Center*, No. CIV 12-646 JAP/LFG, 2013 WL 12138880, at *2 (D.N.M. Jan. 8, 2013) (unpublished) (discussing voluntary dismissals under Rule 41(a)(2)). Generally, Rule 41(a)(2) requests for dismissal are viewed

liberally. *Carl Kelley Constr. LLC v. Danco Tech.*, No. CIV 08-379 JB/RLP, 2010 WL 965735, at *1 (D.N.M. Feb. 28, 2010) (unpublished). In *United States ex rel Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 810 (10th Cir. 2002), the Tenth Circuit Court of Appeals instructed that "a plaintiff may voluntarily dismiss his action 'so long as the defendant is not hurt…'" (citation omitted). Absent legal prejudice to a defendant, the district court should normally grant a motion for voluntary dismissal under Rule 41(a)(2). *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). At least one Circuit Court has defined legal prejudice as meaning "something other than the necessity that defendant might face of defending another action." *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970 (8th Cir. 1984).

As this Court observed in *Rippetoe*, the Tenth Circuit has articulated a non-exclusive, four-factor test for district courts to apply in determining whether to deny a request for voluntary dismissal based on legal prejudice to a defendant. *Rippetoe*, 2013 WL 12138880, at *2. Those factors include: "1) the opposing party's effort and expense in preparing for trial; 2) excessive delay and lack of due diligence on the part of the movant; 3) insufficient explanation of the need for a dismissal; and 4) the present stage of the litigation." *Id.* (*citing Ohlander*, 114 F.3d at 1537). The district court need not resolve all of the factors in favor of the movant before allowing voluntary dismissal, nor must it resolve each factor in favor of a defendant to deny a Rule 41(a)(2) request. *Id.* "The central issue 'is whether the opposing party will suffer prejudice in light of the valid interests of the party.'" *Id.* (citation omitted). The Tenth Circuit Court has further noted that "[t]he possibility that plaintiffs may gain a tactical advantage by refiling in state court is insufficient to deny a voluntary motion to dismiss without prejudice, especially when state law is involved." *Am. Nat. Bank & Trust Co. of Sapulpa v. Bic Corp.*, 931 F. 2d 1411, 1412 (10th Cir. 1991).

B.  DISCUSSION

Defendant does not explicitly address the non-exclusive, four factor test for voluntary dismissal in *Ohlander*. Defendant's primary argument in opposition to dismissal is that Plaintiffs knew the identities of the non-diverse individual supervisors from the beginning of this litigation and are merely engaging in improper forum shopping to defeat this Court's diversity jurisdiction. Response at 3. Defendant also posits that Plaintiffs cannot articulate a valid need for dismissal, "which weighs against their argument that Defendant will suffer no prejudice as a result of this voluntary dismissal." *Id.* at 4. Yet, Defendant does not affirmatively state that it would be prejudiced by the voluntary dismissal, nor does Defendant describe how it would suffer legal prejudice, other than to observe that it incurred the costs of filing both the Notice of Removal and a Response to the Motion. *Id.* at 4, 5.

The Court finds that all of the *Ohlander* factors favor dismissal. With regard to the first *Ohlander* factor, which considers "the opposing party's effort and expense in preparing for trial," neither party has engaged in any preparation for trial. This case was just removed to federal court in March 2017. (Doc. No. 1). The parties have not engaged in any discovery at this stage of the proceeding. Moreover, the parties agreed to delay exchanging initial disclosures and to delay related deadlines in view of the pending Motion to Dismiss. (Doc. Nos. 14, 15). Thus, the first *Ohlander* factor favors dismissal.

The second *Ohlander* factor — "excessive delay and lack of diligence on the part of the movant" in requesting voluntary dismissal also favors granting Plaintiffs' request. Barely a month elapsed from the date of the Notice of Removal to the filing of Plaintiffs' Motion to Dismiss. In addition, Defendant filed its Answer on March 22, 2017, denying that it employed the two employees involved in the shooting, asserting that Plaintiffs' claims were "due solely to

the acts of a third party," and further contending that Plaintiffs had named the wrong defendant. Answer ¶¶ 1, 2, 8, 9, 24, Defenses ¶¶ 4, 5. Plaintiffs waited only two weeks before filing the Motion to Dismiss, in which they explained their intention to pursue their claims against the proper defendants. Motion at 3. Plaintiffs acted promptly in stating that they anticipated naming the non-diverse supervisory defendants, and they did not delay in requesting dismissal.

As to the third *Ohlander* factor, whether Plaintiffs gave a sufficient explanation of the need for a dismissal, Plaintiffs admit that they knew the names of the allegedly negligent supervisors when they filed their Complaint against Tuls III. Reply at 2. Plaintiffs explain that they do not need to bring suit against the individual employees in addition to setting forth a claim of vicarious liability against the employer. According to Plaintiffs, when Tuls III disclaimed any liability for the acts of supervisors and contended it was not the proper Defendant, Plaintiffs needed to name the supervisors as Defendants. "If Plaintiffs had known [that Defendant would disclaim vicarious liability], they would have named the supervisors in their state court complaint." *Id.* Based on these explanations, Plaintiffs possible claims against the non-diverse supervisory defendants appear viable. Plaintiffs' statements are sufficient to explain the need for dismissal and the third *Ohlander* factor favors dismissal.

The Court has already addressed the fourth *Ohlander* factor in noting that this proceeding is only a few months old, during which time, very little has occurred. Thus, this final factor supports dismissal.

The Court also observes that this is not a case where Plaintiffs have engaged in legal maneuvering to seek a more favorable forum. For example, Plaintiffs have not attempted to avoid any adverse rulings in federal court because there have been no rulings. In addition, a

dismissal at this early stage of the proceeding will not result in a significant waste of judicial time and effort.

The Court is unpersuaded by Defendant's argument that Plaintiffs' purported forum shopping warrants denial of their Motion to Dismiss. In *Varney v. Target Corp.*, No. CIV 15-64 TC, 2016 WL 1435667, at *2–3 (D. Utah Apr. 11, 2016) (unpublished), the District Court noted a number of decisions in which other courts had approved voluntary dismissal under Rule 41(a)(2) when joinder of a party would destroy diversity jurisdiction. In one decision, for example, the District Court in the Western District of Michigan observed that it was obvious that a plaintiff had moved for voluntary dismissal to defeat federal jurisdiction. *See id.* at *3 (*citing Johnson v. Pharmacia & Upjohn Co.*, 192 F.R.D. 226 (W.D. Mich. 1999)). Nevertheless, the Court in *Johnson* agreed with "the overwhelming majority of cases that have considered the issue [and] have held that the fact that a voluntary dismissal will destroy federal jurisdiction is insufficient to constitute prejudice to a defendant." *Johnson*, 192 F.R.D. at 228-29 (collecting cases). In addition, legal prejudice under Rule 41(a)(2) is not established merely because a defendant is faced with the prospect of a second lawsuit. *See Baca v. Berry*, 806 F.3d 1262, 1284 (10th Cir. 2015). *See also Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005) ("Prejudice does not arise simply because a second action has been or may be filed against the defendant, which is often the whole point in dismissing a case without prejudice."). Under the present circumstances, the Court is not convinced that Plaintiffs' Motion to Dismiss was an exercise of improper forum shopping.

Nor does Defendant's reliance on *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484 (10th Cir. 1991) change the Court's view. The procedural posture of *Pfeiffer* is distinguishable from this proceeding. In *Pfeiffer*, the defendant removed the case to federal court on the basis of

diversity jurisdiction, and the plaintiff amended his complaint to bring additional claims against new non-diverse defendants. *Id.* at 1487. The federal district court resolved a number of potentially dispositive motions and ultimately entered final judgments of dismissal as to all defendants but one. The plaintiff appealed, arguing that remand to state court, after amendment of the non-diverse defendants, was mandatory under the "improvidently removed" language of 28 U.S.C. § 1447(c). *Id.* at 1488. The district court rejected that argument, reasoning that the propriety of removal is judged on the complaint as it stood when the case was removed. Notably, *Pfeiffer* did not involve a Rule 41(a)(2) motion to dismiss.

After carefully considering all the above-described factors, the Court concludes that there is no showing of legal prejudice to Defendant that would justify denying Plaintiff's Motion to Dismiss under Rule 41(a)(2).

### C. FEES AND COSTS

Rule 41(a)(2) permits a court to dismiss an action at a plaintiff's request "on terms that the court considers proper." In *Rippetoe*, this Court observed that the Tenth Circuit Court had stated in *dicta* that costs typically are awarded when a motion for voluntary dismissal is granted. *Rippetoe*, 2013 WL 12138880, at *3. This Court also noted that other Circuit Courts, as well as federal District Courts, had awarded costs "especially when the plaintiff plans to refile in state court." *Id.* (citations omitted). In awarding reasonable attorney's fees and costs in *Rippetoe*, this Court reasoned that costs and fees in preparing federal court filings are rarely de minimis. *Id.*

Defendant seeks the costs of filing the Notice of Removal along with the costs of opposing the Motion to Dismiss. Response at 5–6. Plaintiffs argue that Tuls III should not be awarded any costs unless and until Plaintiffs join Tuls III as a party in the state court action.

Plaintiffs further represent that the irony of Defendant's position is apparent, i.e., that Tuls III is entitled to fees and costs because it is owned by the same person who owns Tuls IV. Reply at 5.

> Tuls [III] claims that it is not responsible for the supervisors and is the wrong party, in wholesale reliance on the fact that Tuls IV is an entirely separate entity, and that Tuls IV should be named as a defendant, instead. Now Tuls [III] claims it is entitled to fees and costs, even if only Tuls IV is named as a defendant in the state court case, because the two companies really are one and the same.

*Id.* at 5–6. If the Court is inclined to award fees and costs, Plaintiffs ask that the award be limited to post-removal fees and costs, which would amount to the expenses Tuls III incurred in responding to the Motion to Dismiss but not the fees and costs for removal itself. *Id.* at 6.

The Court concludes that, as a condition of the dismissal, it will require Plaintiffs to pay Defendant Tuls III the reasonable costs and attorney's fees it incurred in removing this proceeding to federal court. The Court will not award fees in relation to Defendant Tuls III's opposition to this Motion. Defendant Tuls III must file an affidavit by May 18, 2017, setting out its reasonable costs and attorney's fees.

IT IS THEREFORE ORDERED that PLAINTIFFS' RULE 41 MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE at 3 (Doc. No. 13) is GRANTED and that Plaintiffs' Complaint and this proceeding are DISMISSED WITHOUT PREJUDICE under Federal Rule of Civil Procedure 41(a)(2). Costs and fees are awarded as described herein.

_____
SENIOR UNITED STATES DISTRICT JUDGE